United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEWEL E. DYER,<br><br>    Petitioner,<br><br>    v.<br><br>JAIL CAPTAIN TIMOTHY PEARCE,<br><br>    Respondent. | Case No. 17-cv-01517 NC (PR)<br><br>**ORDER DENYING MOTIONS FOR LEAVE TO PROCEED IN FORMA PAUPERIS; ORDER OF DISMISSAL** |

## INTRODUCTION

Petitioner, a state pre-trial detainee proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] Petitioner has submitted a certificate of funds showing that the average deposits to his account for the last six months is $24.00, and the average balance in his account for the last six months is $24.22. Therefore, Petitioner's motions for leave to proceed in forma pauperis are DENIED. Petitioner must pay the $5.00 filing fee. For the reasons stated below, Court dismisses the petition.

---

[1] Petitioner has consented to magistrate judge jurisdiction. Dkt. No. 4.

**BACKGROUND**

According to the petition, in March 2016, Petitioner was charged in Mendocino County Superior Court with first degree murder. He has filed two unsuccessful state habeas petitions in Superior Court. Petitioner filed the instant petition on March 21, 2017.

**DISCUSSION**

**A.  Standard of Review**

Under 28 U.S.C. § 2241, the district court may grant a writ of habeas corpus when a petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

**B.  Legal Claims**

According to the petition, Petitioner claims that a warrant was issued without probable cause. However, *Stone v. Powell*, 428 U.S. 465, 481-82, 494 (1976), bars federal habeas review of Fourth Amendment claims unless the state did not provide an opportunity for full and fair litigation of those claims. All *Stone v. Powell* requires is the initial opportunity for a fair hearing. Such an opportunity for a fair hearing forecloses this Court's inquiry upon habeas petition into the trial court's subsequent course of action, including whether or not the trial court made any express findings of fact. *See Caldwell v. Cupp*, 781 F.2d 714, 715 (9th Cir. 1986). The existence of a state procedure allowing an

opportunity for full and fair litigation of Fourth Amendment claims, rather than a defendant's actual use of those procedures, bars federal habeas consideration of those claims. *See Newman v. Wengler*, 790 F.3d 873, 880 (9th Cir. 2015). Thus, this claim is DISMISSED.

The remainder of Petitioner's petition challenges the conditions of his confinement in Mendocino County Jail. Specifically, Petitioner states that "officers and friends slandered me about having std's, extreme bias, neglected sensitive medical conditions!" Petitioner also states, "no health care, deliberate indifference, privacy, toxic facility water, illegal kiosk, illegal telephones, illegal denial of courts. Religious diet blocked, no access to programs, imminent injury." These claims are improper in a habeas petition.

"'Challenges to the lawfulness of confinement or to particulars affecting its duration are the province of habeas corpus.'" *Hill v. McDonough*, 547 U.S. 573, 579 (2006) (quoting *Muhammad v. Close*, 540 U.S. 749, 750 (2004)). "An inmate's challenge to the circumstances of his confinement, however, may be brought under § 1983." *Id.*

Habeas is the "exclusive remedy" for the prisoner who seeks "'immediate or speedier release'" from confinement. *Skinner v. Switzer*, 561 U.S. 521, 525 (2011) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005)); *see Calderon v. Ashmus*, 523 U.S. 740, 747 (1998); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). "Where the prisoner's claim would not 'necessarily spell speedier release,' however, suit may be brought under § 1983.'" *Skinner*, 561 U.S. at 525 (quoting *Wilkinson*, 544 U.S. at 82). In fact, a Section 1983 action is the exclusive remedy for claims by state prisoners that do not "lie at the 'core of habeas corpus.'" *Nettles v. Grounds*, 830 F.3d 922, 932 (9th Cir. 2016) (en banc) (quoting *Preiser*, 411 U.S. at 487).

Although a district court may construe a habeas petition by a prisoner attacking the

Case No. 17-cv-01517 NC (PR)
ORDER DENYING MOTIONS FOR LEAVE TO PROCEED IN FORMA PAUPERIS; ORDER OF DISMISSAL

3

conditions of his confinement or some other condition that he contends violates his constitutional rights as pleading civil rights claims under 42 U.S.C. § 1983, *see Wilwording v. Swenson*, 404 U.S. 249, 251 (1971), the Court declines to do so here. The difficulty with construing a habeas petition as a civil rights complaint is that the two forms used by most prisoners request different information and much of the information necessary for a civil rights complaint is not included in the habeas petition filed here. Examples of the potential problems created by using the habeas petition form rather than the civil rights complaint form include the potential omission of intended defendants, potential failure to link each defendant to the claims, and potential absence of an adequate prayer for relief. Additionally, there is doubt whether the prisoner is willing to pay the civil action filing fee of $400.00 rather than the $5.00 habeas filing fee to pursue his claims. The habeas versus civil rights distinction is not just a matter of using different pleading forms. It is not in the interest of judicial economy to allow prisoners to file civil rights actions on habeas forms because virtually every such case, including this one, will be defective at the outset and require additional court resources to deal with the problems created by the different filing fees and the absence of information on the habeas form.

Petitioner is advised that his claims should be brought, if at all, in a federal civil rights action, pursuant to 42 U.S.C. § 1983.

## CONCLUSION

For the reasons stated above, Petitioner's petition is DISMISSED. The Clerk shall terminate all pending motions and close the file.

Petitioner has not shown that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural [rulings]."

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000); 28 U.S.C. § 2253(c).  Accordingly, a COA is DENIED.

**IT IS SO ORDERED.**

DATED: June 8, 2017

NATHANAEL M. COUSINS
United States Magistrate Judge